

D. SCOTT CHANG # 146403
REED N. COLFAX*
SHALINI GOEL # 254540
JOHN P. RELMAN*
RELMAN & DANE PLLC
1225 Nineteenth St., N.W.
Suite 600
Washington D.C. 20036
Telephone: (202) 728-1888
Facsimile: (202) 728-0848
schang@relmanlaw.com
* Pro Hac Vice Applications to Be Filed

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### San Francisco Division

SIAUPIA VAOVASA; ELISAPETA VAOVASA; and LEALOFI PENITITO, individually and on behalf of all others similarly situated,

    Plaintiffs,

vs.

SFO GOOD-NITE INN, LLC, a California limited liability company;

    Defendant.

Case No. CV 08 1171  EMC

COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF; DEMAND FOR TRIAL BY JURY

CLASS ACTION



## INTRODUCTION

1.      This action is brought by plaintiffs Siaupiu ("Bill") Vaovasa, Elisapeta Vaovasa, and Lealofi Penitito, ("Plaintiffs") on behalf of themselves and all others similarly situated (the "Plaintiff Class"), against Defendant SFO Good-Nite Inn, LLC for intentionally refusing them public accommodations because of their race, national origin, and ancestry in violation of 42 U.S.C. §§ 1981 and 2000a; the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*; and state common law.

2.      The United Samoan Pentecostal Church (the "Church") is a world-wide church with local churches located in the western United States and the South Pacific. The Church planned on holding its world-wide conference in San Francisco at the Good Nite Inn San Francisco Airport North ("Good Nite Inn") in 2006. The Good Nite Inn is owned by Defendant.

3.      Conference organizers reserved a conference room and hotel rooms at the Good Nite Inn for the Plaintiff Class in advance of the conference. Just a few months before the scheduled start of the conference, however, Defendant canceled the reservation for both the conference room and the hotel rooms for the Plaintiff Class. The General Manager of the Good Nite Inn told an attorney who contacted him regarding the cancellation that the Good Nite Inn did not want Samoan people at the hotel. He told the attorney that Samoans would tear up the place and squirt fire extinguishers and that the hotel could not provide security.

4.      Tests conducted by a civil rights organization after Defendant cancelled the reservation for the conference room and the hotel rooms for the Plaintiff Class confirmed the discriminatory basis for the cancellation. A tester inquired about the availability of conference and hotel rooms for a conference without any connection to Samoans to be held at the same time that the Church planned to hold its conference. The tester was told that conference and hotel rooms were available. In additional tests, Defendant told testers posing as organizers for non-Samoan organizations that conference rooms and hotel rooms were available but told similarly situated testers posing as organizers for Samoan organizations that no conference rooms or hotel rooms were available.

1

5. Defendant's refusal to allow the Plaintiff Class to attend a conference and rent hotel rooms at Good Nite Inn was motivated by animus based on race, national origin and ancestry and had the purpose and effect of depriving Plaintiffs and others similarly situated of their rights under federal and state law. Plaintiffs, on behalf of themselves and others similarly situated, seek injunctive relief requiring Defendant to cease its discriminatory conduct and remedy the effects of the discrimination, declaratory relief declaring that Defendant violated federal and state civil rights laws, minimum statutory damages under the Unruh Civil Rights Act, compensatory damages under federal law, and punitive damages.

## JURISDICTION

6. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) in that the claims alleged herein arise under the laws of the United States. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiffs' state law claims because those claims are related to Plaintiffs' federal law claims and arise out of a common nucleus of related facts. Plaintiffs' state law claims are related to Plaintiffs' federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

## INTRA-DISTRICT ASSIGNMENT

7. Venue and intra-district assignment are proper in that the claims alleged herein arose in South San Francisco, California.

## PARTIES

8. Plaintiff Siaupiu ("Bill") Vaovasa has been pastor of the United Samoan Pentecostal Church in Daly City for over 20 years. He is Samoan-American and lives in Daly City, California.

9. Plaintiff Elisapeta Vaovasa is the wife of Reverend Bill Vaovasa and has been a member of the United Samoan Pentecostal Church for 29 years. She is Samoan-American and lives in Daly City,

2

COMPLAINT FOR INJUNCTIVE, DECLARATORY, AND MONETARY RELIEF; DEMAND FOR TRIAL BY JURY

California with her husband. Ms. Vaovasa and Plaintiff Lealofi Penitito were the principal organizers of the Church's 2006 world-wide church conference. At all times relevant, Ms. Vaovasa and Ms. Penitito acted as the Church's representatives to secure lodging and conference rooms for the Plaintiff Class.

10.    Plaintiff Lealofi Penitito has been a member of the United Samoan Pentecostal Church located in Seaside, California for 20 years. She is Samoan-American and lives in Marina, California. She is the wife of the pastor of the United Samoan Pentecostal Church in Seaside. She and Ms. Vaovasa were the principal organizers of the 2006 world-wide Church conference.

11.    The Plaintiff Class consists of over 200 persons of Samoan race, national origin, and ancestry affiliated with the United Samoan Pentecostal Church, all of whom would have attended the Church's world-wide conference at the Good Nite Inn in South San Francisco on July 1-7, 2006. Each member of the Plaintiff Class was ready, willing and able and had the intent to attend the United Samoan Pentecostal Church conference at the Good Nite Inn, or to attend the conference and rent a hotel room at the Good Nite Inn. Each of the Plaintiffs is a member of the Plaintiff Class.

12.    Defendant SFO Good-Nite Inn LLC is a California limited liability company with its principal place of business in Los Angeles, California. SFO Good-Nite Inn LLC owns the Good Nite Inn, which is located at 245 South Airport Blvd., South San Francisco, California.

## FACTS

13.    The United Samoan Pentecostal Church is a world-wide church with local churches located in, among other places, San Francisco, Monterey, Las Vegas, Seattle-Tacoma, Hawaii, American Samoa, Western Samoa, New Zealand, and Australia. The Church was founded in 1988 in Fort Ord, California. The membership of the Church consists predominately of people of Samoan race, national origin, and ancestry. The Church has approximately 5,000 members world-wide.

14.    The Church's annual conference provides church members with the opportunity for spiritual fellowship. Pastors, ministers, overseas delegates, and church members attend the conference. The conference includes the annual meeting of the Church membership, committee meetings and daily worship services. Church members meet to develop policies for the Church and discuss finances.

15. In 2003, the Church held its world-wide conference at the Ramada Inn in South San Francisco. Over 200 church members from the West Coast of the United States and the South Pacific attended the conference in 2003. The 2003 conference was very successful. The conference was well attended and Church members enjoyed attending the conference at the Ramada Inn and staying in the hotel rooms. The Church's 2004 and 2005 annual conferences, held elsewhere, were also very successful.

16. Based on the success of the 2003 conference, Plaintiff Elisapeta Vaovasa contacted what was formerly the Ramada Inn in South San Francisco to inquire about hosting the world-wide conference there once again in 2006. The hotel had changed ownership and was now called the Good Nite Inn San Francisco Airport North.

17. The Good Nite Inn is a full-service hotel featuring 323 guest rooms and suites and 7,916 square feet of conference and meeting space. The hotel features a 24-hour complimentary airport shuttle, a lounge, restaurant, health club, heated outdoor pool, gift shop, car rental office, full service hair salon and shoe shine. The hotel has four different conference rooms accommodating up to 350 guests. The Good Nite Inn is located a mile and a half north of San Francisco International Airport. The Good Nite Inn is a place of public accommodation, serving hundreds of interstate travelers each year.

18. In October 2005, Ms. Vaovasa visited The Good Nite Inn and met with Grace Vargas, Reservation & Banquet Manager, to reserve a conference room and hotel rooms on behalf of the Plaintiff Class for the 2006 world-wide Church conference. Ms. Vargas told Ms. Vaovasa that there were conference rooms and hotel rooms available for the time period in July that the Church had scheduled its conference.

19. On or about February 9, 2006, Ms. Vaovasa visited The Good Nite Inn again and signed a contract with Ms. Vargas on behalf of The Good Nite Inn reserving a conference room and hotel rooms for the Plaintiff Class. The conference was scheduled to last seven days, from July 1-7, 2006. More than 200 persons were expected to attend the conference. To accommodate the attendees, Ms. Vaovasa reserved the Garden Ballroom and 35 hotel rooms at a negotiated rate of $55 per night (inclusive of all

taxes and fees). Ms. Vaovasa listed herself as the primary contact person and Ms. Penitito as a secondary contact person.

20.  After making these reservations, the Church began notifying its members at churches on the West Coast, in Hawaii, and in the South Pacific that the 2006 world-wide conference would be held at the Good Nite Inn.

21.  On or about March 1, 2006, Plaintiff Lealofi Penitito received a telephone call from Good Nite Inn General Manager A.C. Chaundry. Mr. Chaundry said that the hotel would be undergoing renovations at the time the conference had been scheduled.

22.  That same day, Ms. Vaovasa and Church member Sam Ripley visited the Good Nite Inn to speak with Mr. Chaundry about the reservation. Mr. Chaundry told them that the hotel was cancelling the reservation for the conference room because the hotel would be undergoing renovations during the first week in July when the Church planned to hold its conference. Ms. Vaovasa asked if they could still reserve the hotel rooms. Mr. Chaundry said that they could not because the hotel rooms were also being renovated. Chaundry's statements were not true. Renovations were not planned for, or conducted at, the Good Nite Inn during the first week of July 2006.

23.  After learning about the cancellation of the reservations, Ms. Vaovasa was upset and concerned that there was insufficient time to find an alternative site for the conference. She thought the cancellation was unfair and consulted with an attorney, David Bigeleisen. On or about March 3, 2006, Mr. Bigeleisen telephoned Mr. Chaundry to inquire about the cancellation of the reservations. Mr. Chaundry told Mr. Bigeleisen that the real reason for the cancellation was that the Good Nite Inn did not want Samoan people at the hotel. He said that the Good Nite Inn could not provide security and that Samoan people would squirt the fire extinguishers and tear up the place. He told Mr. Bigeleisen, "We can't host them. Tell them to go to the convention center" or words to that effect.

24.  After Mr. Bigelow's conversation with the General Manager, Ms. Vaovasa contacted Project Sentinel, a civil rights organization located in Palo Alto, to complain about public accommodations discrimination against Samoans at The Good Nite Inn. Project Sentinel investigated Ms. Vaovasa's complaint by conducting an investigation using testers. The tests conducted by Project

Sentinel revealed evidence that Defendant discriminated against Samoans in the provision of public accommodations.

25. On April 26, 2006, a Project Sentinel tester posing as a conference organizer telephoned The Good Nite Inn and spoke with Grace Vargas to ask if the Good Nite Inn was available for a conference during the first week in July, the exact same time period the Church had planned to hold its conference. The tester did not indicate any connection to Samoans or a Samoan organization. Ms. Vargas told the tester that two conference rooms, including a conference room accommodating up to 250 persons, and up to 40 hotel rooms were available.

26. Project Sentinel also conducted paired tests of The Good Nite Inn. Paired testing is a controlled method of measuring and documenting differences in the quality, quantity, and content of information and services offered or given to testers. Testers were assigned similar profiles regarding conference dates and the number of conference and hotel rooms needed. The paired testing revealed evidence of discrimination. In one of the tests, both of the testers spoke with General Manager A.C. Chaundhry. On December 5, 2006, a tester posing as a person planning a conference for the Samoan Congregation Church telephoned the Good Nite Inn and spoke with General Manager A.C. Chaundhry to inquire about reserving a conference room and hotel rooms in January 2007. He told the tester that they would renovating during the time for which the conference was planned, just like he told the organizers of the United Samoan Pentecostal Church conference. By contrast, on December 7, 2006, Mr. Chaudhry told a tester inquiring about holding an information technology conference in January 2007 at the hotel that conference rooms and hotel rooms were available.

27. The Church eventually held its 2006 world-wide conference at the Travelodge in South San Francisco. It was attended by more than 200 people. Although the 2006 world-wide conference was successful, the Good Nite Inn offered several advantages over the Travelodge. The hotel rooms and conference room at the Travelodge cost Church members more than the hotel and conference rooms at The Good Nite Inn would have cost them. The hotel rooms and conference room at the Good Nite Inn are larger and the Good Nite Inn is more accessible to people with disabilties than the Travelodge. The Good Nite Inn also offers landscaped grounds and a more attractive and private pool area.

## CLASS ACTION ALLEGATIONS

28. *Class Definition.* This action is brought by the Plaintiffs, on behalf of themselves and members of a class of similarly situated individuals. The class that the Plaintiffs seek to represent consists of all persons of Samoan race, national origin and ancestry associated with the United Samoan Pentecostal Church who would have attended the Church's world-wide conference at the Good Nite Inn, or attended the conference and rented hotel rooms at the Good Nite Inn, in July 2006 but were denied the ability to attend the conference and rent rooms because of their race, national origin and ancestry.

29. *Numerosity.* The number of members of the class on whose behalf Plaintiffs sue is estimated to be more than 200 persons. The number of class members is so numerous that joinder of all such members is impracticable and disposition of their claims in a class action is a benefit to the parties and to the court in accordance with Fed. R. Civ. P. 23(a)(1). Joinder is also impracticable because the plaintiff class lacks the knowledge and financial means to maintain individual actions.

30. *Commonality.* Because the Defendant treated all members of the Plaintiff Class in the same manner, there are common questions of law and fact affecting the rights of each member of the Class. Common questions of law and fact predominate. The common questions include but are not limited to, whether Defendant violated federal and state civil rights laws by denying public accommodations and the ability to contract to persons of Samoan race, national origin and ancestry at The Good Nite Inn.

31. *Typicality:* The claims of the Named Plaintiffs are typical of those of the class under Fed. R. Civ. P 23(a)(3). Defendant denied public accommodations to Plaintiffs and the Plaintiff Class as a whole at the same times, on the same dates, and at the same place without distinction to the individuals. Reservations were made on behalf of all class members and each class member was denied public accommodations and the ability to contract because of Defendant's discrimination. Defendant directed its discrimination equally at each member of the Plaintiff Class and each member seeks redress pursuant to the same civil rights laws.

32. *Adequacy of Representation:* The Plaintiffs will fairly and adequately protect the interests of the unnamed class members and all members of the proposed class will benefit by the class

proposed by the Plaintiffs under Fed. R. Civ. P. 23(a)(4). The Plaintiffs have no interest which is in conflict with other class members. The Plaintiffs and the Plaintiff Class are represented by qualified and competent counsel.

33. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications.

34. Defendant, its agents and employees have acted or will act on grounds generally applicable to the class, thereby making appropriate injunctive or declaratory relief with respect to the class as a whole under Fed. R. Civ. P. Rule 23(b)(2).

## INJURIES

35. Plaintiffs and members of the Plaintiff Class would have attended the Church Conference at the Good Nite Inn, or attended the Church conference and rented a hotel room at the Good Nite Inn, if Defendant had made hotel rooms and conference rooms available to Plaintiffs and members of the Plaintiff Class.

36. As a proximate result of the actions of Defendant described above, Plaintiffs and members of the Plaintiff Class have suffered, continue to suffer, and will in the future suffer great and irreparable injury including but not limited to humiliation, embarrassment, emotional distress, and mental anguish.

37. Defendant, acting through its employees, agents and/or representatives, refused to provide or otherwise denied Plaintiffs and the Plaintiff Class hotel rooms and the ability to attend a conference at the Good Nite Inn because of their race, national origin and ancestry.

38. Defendant's actions were undertaken with discriminatory animus based on the Plaintiff Class' race, national origin, and ancestry for the purpose of denying Samoans access to the Good Nite Inn.

39. Defendant's actions had the effect of denying Samoans access to the Good Nite Inn on the basis of race, national origin, and ancestry.

40. At all times relevant to the events described above, the employees, agents or representatives of Defendant were acting within the scope of their employment as employees, agents

1  and/or representatives of Defendant.

2      41.   Defendant, acting individually and in concert with others, directly and through its employees, agents, or representatives has engaged in a pattern or practice of discriminating against persons of Samoan race, national origin and ancestry at the Good Nite Inn. Defendant has pursued this pattern or practice of discrimination for the purpose and with the effect of excluding persons of Samoan race, national origin and ancestry from The Good Nite Inn.

    42.   Unless enjoined, Defendant will continue to engage in the unlawful acts and the pattern or practice of discrimination described above. Plaintiffs and the Plaintiff Class have no adequate remedy at law. Plaintiffs and the Plaintiff Class are now suffering and will continue to suffer irreparable injury from Defendant's acts unless relief is provided by this Court. The Church would host a world-wide conference at the Good Nite Inn in the future if it could be assured that Defendant would not discriminate against its members who would attend the conference and rent hotel rooms on the basis of their race, national origin, and ancestry.

    43.   There now exists an actual controversy between the parties regarding Defendant's duties under he federal and state civil rights laws.

    44.   By reason of Defendant's unlawful acts and practices, Plaintiffs and members of the Plaintiff Class have suffered violations of their rights under the California Unruh Civil Rights Act to full and equal accommodations of a business establishment. Each member of the Plaintiff Class is entitled to minimum statutory damages of $4,000 per violation of the Unruh Act.

    45.   In doing the acts of which the Plaintiffs and the Plaintiff Class complain, Defendant and its agents, employees, and representatives acted with oppression, fraud and malice, and with wanton and conscious disregard of the rights of Plaintiffs.

## CLAIMS

### A. FIRST CLAIM FOR RELIEF

Section 1981 of the Civil Right Act of 1866

*42 U.S.C. §1981*

    46.   Plaintiffs reallege and incorporate by reference paragraphs 1 through 45 of the complaint

9

herein.

47. By the actions described above, Defendant has denied the Plaintiffs and the Plaintiff Class the same right to make and enforce contracts as white citizens of the United States, including the making, performance, and modification of contracts and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship, in violation of 42 U.S.C. § 1981.

### B. SECOND CLAIM FOR RELIEF

*42 U.S.C. § 2000a*

48. Plaintiffs reallege and incorporate by reference paragraphs 1 through 45 of the complaint herein.

49. The Good Nite Inn is a place of public accommodation within the meaning of 42 U.S.C. § 2000a(b).

50. More than thirty days have expired after the Plaintiffs' written notice to California Department of Fair Employment and Housing of the alleged acts and practices described above.

51. Defendant's actions, as described above, were taken with the purpose of and had the effect of denying the Plaintiffs and the Plaintiff Class the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of The Good Nite Inn on the basis of race and/or national origin, in violation of 42 U.S.C. § 2000a.

### C. THIRD CLAIM FOR RELIEF

California Unruh Civil Rights Act

*Cal. Civ. Code § 51*

52. Plaintiffs reallege and incorporate by reference paragraphs 1 through 45 of the complaint herein.

53. Defendant has violated Plaintiffs' and the Plaintiff Class' right to public accommodations under the Unruh Civil Rights Act, California Civil Code § 51 et seq., in that defendant denied Plaintiffs full and equal accommodations, facilities, or services in the operation of The Good Nite Inn, a business establishment.

54.     Pursuant to the Unruh Civil Rights Act, each member of the Plaintiff Class are entitled to minimum statutory damages of $4,000 for each and every violation of the Unruh Civil Rights Act, among other remedies.

### D.  FOURTH CLAIM FOR RELIEF

### Negligent Supervision

55.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 54 of the complaint herein.

56.     Defendant owed Plaintiffs and the Plaintiff Class a duty to operate The Good Nite Inn in a manner that was free from unlawful discrimination, and to train its employees, agents, representatives, and itself to fulfill that duty.  Defendant negligently violated that duty by discriminating against Plaintiffs and the Plaintiff Class on account of race, national origin and ancestry.  Defendant's violation of that duty was the result of negligence, including but not limited to:

A.  Defendant's negligent failure to train its employees, agents, or representatives regarding the requirements of federal and state civil rights laws;

B.  Defendant's negligent failure to hire persons who were familiar with the requirements of federal and state civil rights laws;

C.  Defendant's negligent failure to supervise its employees, agents, or representatives regarding compliance with the requirements of federal and state civil rights laws; and,

D.  Defendant's negligent failure to discipline or terminate employees who failed to comply with the requirements of federal and state civil rights laws.

### **RELIEF**

Wherefore, Plaintiffs pray that the Court grant them relief as follows:

1.  Certify the case as a class action;

2.  Enter a declaratory judgment finding that the actions of Defendant violate applicable federal and state civil rights laws;

3.  Enter a permanent injunction barring Defendant from continuing to engage

11

COMPLAINT FOR INJUNCTIVE, DECLARATORY, AND MONETARY RELIEF; DEMAND FOR TRIAL BY JURY

|     |     |                                                                                                           |
| --- | --- | --------------------------------------------------------------------------------------------------------- |
| 1   |     | in the illegal discriminatory conduct alleged in this Complaint;                                          |
| 2   | 4.  | Enter a permanent injunction directing Defendant to take all affirmative                                  |
| 3   |     | steps necessary to remedy the effects of the illegal discriminatory conduct alleged                      |
| 4   |     | in this Complaint and to prevent repeated occurrences in the future;                                      |
| 5   | 5.  | Award minimum statutory damages of $4,000 to each Plaintiff and member of the                             |
| 6   |     | Plaintiff Class for each and every violation of the Unruh Civil Rights Act;                               |
| 7   | 6.  | Award compensatory damages to the Plantiffs and members of the Plaintiff Class                            |
| 8   |     | for the violation of 42 U.S.C. §§ 1981 and 2000a;                                                         |
| 9   | 7.  | Award punitive damages in an amount that would punish Defendant for the                                   |
| 10  |     | willful, wanton and reckless misconduct alleged in this Complaint and that would                          |
| 11  |     | effectively deter Defendant from future discriminatory behavior;                                          |
| 12  | 8.  | Award Plaintiffs and the Plaintiff Class their reasonable attorneys' fees and costs;                      |
| 13  |     | and,                                                                                                      |
| 14  | 9.  | Order all other relief deemed just and equitable by this Court.                                           |

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues so triable as of right.

Dated:      February 26, 2008

Respectfully submitted,

*D. Scott Chang (PLE)*

D. SCOTT CHANG # 146403
REED N. COLFAX*
SHALINI GOEL # 254540
JOHN P. RELMAN*
RELMAN & DANE PLLC
1225 Nineteenth St., N.W.
Suite 600
Washington D.C. 20036
Telephone: (202) 728-1888
Facsimile: (202) 728-0848
schang@relmanlaw.com
* Pro Hac Vice Applications to Be Filed
Attorneys for Plaintiff

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS
SIAUPIA VAOVASA; ELISAPETA VAOVASA; and LEALOFI PENITITO; individually and on behalf of all others similarly situated

## DEFENDANTS
SFO GOOD-NITE INN, LLC

EMC ADR

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

San Mateo County

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
D. Scott Chang, Relman & Dane, PLLC, 1225 19th Street, NW, Suite 600, Washington, DC 20036 / (202) 728-1888

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [x] Original Proceeding
- [ ] Removed from State Court
- [ ] Remanded from Appellate Court
- [ ] Reinstated or Reopened
- [ ] Transferred from Another district (specify)
- [ ] Multidistrict Litigation
- [ ] Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury Med Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers Liability | PERSONAL PROPERTY | 640 RR & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | 370 Other Fraud | 650 Airline Regs | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl Veterans) | 345 Marine Product Liability | 371 Truth In Lending | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 380 Other Personal Property Damage | 690 Other | | 490 Cable/Satellite TV |
| 160 Stockholders Suits | 355 Motor Vehicle Product Liability | 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury | | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | | | 720 Labor/Mgmt Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | | 730 Labor/Mgmt Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| | | | 740 Railway Labor Act | 864 SSID Title XVI | 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 790 Other Labor Litigation | 885 RSI (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | 510 Motion to Vacate Sentence Habeas Corpus: | 791 Empl.Ret. Inc. Security Act | FEDERAL TAX SUITS | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment | 530 General | | 870 Taxes (US Plaintiff or Defendant) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing | 535 Death Penalty | | 871 IRS - Third Party 26 USC 7609 | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | 444 Welfare | 540 Mandamus & Other | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | [x] 440 Other Civil Rights | 550 Civil Rights | | | 890 Other Statutory Actions |
| 290 All Other Real Property | 445 Amer w/ disab - Empl | 555 Prison Condition | | | |
| | 446 Amer w/ disab - Other | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
42 U.S.C. 1981 and 2000a and the Unruh Civil Rights Act, Cal. Civ. Code 51 et seq.

## VII. REQUESTED IN COMPLAINT:
[x] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____  CHECK YES only if demanded in complaint:
JURY DEMAND: [x] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
[x] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE: 2/26/08

SIGNATURE OF ATTORNEY OF RECORD: D. Scott Chang (cls)

# United States District Court
### NORTHERN DISTRICT OF CALIFORNIA



| | |
|---|---|
| SIAUPIA VAOVASA; ELISAPETA VAOVASA; and LEALOFI PENITITO; individually and on behalf of all others similarly situated<br><br>V.<br><br>SFO GOOD-NITE INN, LLC | **SUMMONS IN A CIVIL CASE**<br><br>CASE NUMBER:<br><br>*EMC*<br><br>CV 08  1171 |

TO: (Name and address of defendant)

SFO Good-Nite Inn, LLC

Registered Agent: Bang Ja Kim
127 Fremont Pl.
Los Angeles, CA 90005

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

D. Scott Chang
Reed N. Colfax
Shalini Goel
John P. Relman
RELMAN & DANE
1225 19th Street, NW, Suite 600
Washington, DC 20036-2456

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

DATE 2/27/08

Helen L. Almacen

(BY) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE |
|---|
| Service of the Summons and Complaint was made by me [1]      DATE |
| Name of SERVER      TITLE |

*Check one box below to indicate appropriate method of service*

☐    Served Personally upon the Defendant. Place where served:

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐    Returned unexecuted:

☐    Other *(specify)*:

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
                 *Date*

_____
*Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure