David M. King, Esq. (Bar No. 95279)
 dking@carr-mcclellan.com
Jeremy A. Burns, Esq. (Bar No. 239917)
 jburns@carr-mcclellan.com
CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
Professional Law Corporation
216 Park Road
P.O. Box 513
Burlingame, California 94011-0513
Telephone:  (650) 342-9600
Facsimile:  (650) 342-7685

Attorneys for Defendant
SFO GOOD-NITE INN LLC, a California Limited Liability Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIAUPIA VAOVASA; ELISAPETA VAOVASA; AND LEALOFI PENITITO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SFO GOOD-NITE INN LLC, a California Limited Liability Company,<br><br>Defendant. | No. CIV 08-1171 EMC<br><br>**ANSWER AND AFFIMATIVE DEFENSES; DEMAND FOR JURY TRIAL** |

**ANSWER**

1. In response to paragraph 1 of the Complaint, Defendant SFO Good-Nite Inn LLC ("Good-Nite Inn") denies each and every allegation, except that Good-Nite Inn is a Limited Liability Company.

2. In response to paragraph 2 of the Complaint, Good-Nite Inn is without sufficient knowledge or information to form a belief as to the truth of the allegations, except that the Good-Nite Inn owns the hotel known as Good-Nite Inn San Francisco Airport North ("SFO Good-Nite Inn"). The United Samoan Pentacostal Church ("United Samoan") reserved conference space and hotel rooms for a conference ("the Conference") at the SFO Good-Nite Inn in the summer of 2006 for approximately one week.

3.  In response to paragraph 3 of the Complaint, Good-Nite Inn is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation. United Samoan reserved conference space and hotel rooms for the Conference at the SFO Good-Nite Inn in the summer of 2006 for approximately one week. Good-Nite Inn was forced to cancel the reservations due to uncertainty over pending renovations to upgrade the hotel, including renovations of the conference rooms.

Once SFO Good-Nite Inn's General Manager learned of the planned renovations, Good-Nite Inn was compelled to cancel the reservation, due of the size of United Samoan's group, to insure that United Samoan would be able to find other accommodations. Canceling was extremely disappointing to Good-Nite Inn because it lost significant revenues at a time when it was struggling financially.

An individual did repeatedly contact Good-Nite Inn to ask about the cancellation. However, there appears to have been a serious misunderstanding. None of what is alleged about the conversations with this individual is accurate.

4.  In response to paragraph 4 of the Complaint, Good-Nite Inn is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation.

During the period in which Project Sentinel apparently was conducting its clandestine testing, the availability of rooms and conference space was in constant flux due to uncertainty over Good-Nite Inn's renovation schedule. Good-Nite Inn attempted to accommodate requests for reservations as best it could, given ongoing construction and renovations in portions of the hotel. Whatever transpired with Project Sentinel was not discriminatory.

5.  In response to paragraph 5 of the Complaint, Good-Nite Inn denies each and every allegation.

### ANSWER TO JURISDICTIONAL ALLEGATIONS

6.  To the extent that the allegations contained in paragraph 6 of the Complaint are statements of law only, they require no response. If however, a response is deemed necessary, Good-Nite Inn denies those allegations, except that Good-Nite Inn admits that the Court has

1 | jurisdiction to hear this case pursuant to 28 USC §§ 1331 and 1343(a)(3).

## ANSWER TO ALLEGATIONS AS TO INTRA-DISTRICT ASSIGNMENT

7.   In response to paragraph 7 of the Complaint, Good-Nite Inn admits that venue in the Northern District of California, San Francisco Division, is proper.

## ANSWER TO PARTIES ALLEGATIONS

8.   In response to paragraph 8 of the Complaint, Good-Nite Inn is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation.

9.   In response to paragraph 9 of the Complaint, Good-Nite Inn is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation. However, representatives of United Samoan did secure lodging and conference rooms for the Conference scheduled during the summer of 2006.

10.  In response to paragraph 10 of the Complaint, Good-Nite Inn is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation.

11.  In response to paragraph 11 of the Complaint, Good-Nite Inn is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation. However, representatives of United Samoan did secure lodging and conference rooms for the Conference scheduled during the summer of 2006.

12.  Good-Nite Inn admits that SFO Good-Nite Inn LLC is a California Limited Liability Company with its principal place of business in Los Angeles, California and that Good-Nite Inn owns the SFO Good-Nite Inn, located at 245 South Airport Boulevard, South San Francisco, California.

## ANSWER TO ALLEGED FACTS

13.  In response to paragraph 13 of the Complaint, Good-Nite Inn is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation.

14. In response to paragraph 14 of the Complaint, Good-Nite Inn is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation.

15. In response to paragraph 15 of the Complaint, Good-Nite Inn is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation.

16. In response to paragraph 16 of the Complaint, Good-Nite Inn is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation, except that Good-Nite Inn admits that the Ramada Inn in South San Francisco changed ownership since 2003 and is now known as the Good-Nite Inn San Francisco Airport North. Representatives of United Samoan contacted Good-Nite Inn to inquire about hosting a conference in the summer of 2006.

17. In response to paragraph 17 of the Complaint, Good-Nite Inn admits that the SFO Good-Nite Inn is a full-service hotel, but features only 180 guest rooms and suites, as the remainder of the hotel still requires renovation. Good-Nite Inn denies that the SFO Good-Nite Inn has 7,916 square feet of conference and meeting space. The SFO Good-Nite Inn has approximately 7,816 square feet of conference and meeting space. Good-Nite Inn denies that the hotel features a 24-hour complimentary airport shuttle, and admits that the hotel has a lounge, restaurant, health club, outdoor pool, gift shop, and full service hair salon and shoe shine. The airport shuttle operates from 4:30 a.m. to midnight.

Good-Nite Inn admits that the SFO Good-Nite Inn has four different conference rooms but denies that the conference rooms can accommodate up to 350 guests. The amount of guests that the conference rooms accommodate depends on the function. Good-Nite Inn admits that the SFO Good-Nite Inn is located a mile and a half north of San Francisco International Airport. Good-Nite Inn admits that it serves interstate travelers but is without knowledge as to the exact number and on that basis denies that allegation. To the extent that the allegation that the SFO Good-Nite Inn is a place of public accommodation is a statement of law, Good-Nite Inn denies the allegation. Good-Nite Inn rents rooms and conference space to members of the public.

18. In response to paragraph 18 of the Complaint, Good-Nite Inn is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation. Representatives of United Samoan contacted Good-Nite Inn to inquire about hosting a conference in the summer of 2006.

19. In response to paragraph 19 of the Complaint, Good-Nite Inn is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation. United Samoan contracted for conference and hotel rooms for the Conference, which was to last one week during the summer of 2006.

20. In response to paragraph 20 of the Complaint, Good-Nite Inn is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation.

21. In response to paragraph 21 of the Complaint, Good-Nite Inn is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation. Good-Nite Inn contacted United Samoan to notify it that the SFO Good-Nite Inn would be undergoing renovations at the time the Conference had been scheduled, necessitating the cancellation of the reservation to allow United Samoan sufficient time to find new accommodations.

22. In response to paragraph 22 of the Complaint, Good-Nite Inn is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation. Good-Nite Inn communicated with representatives of United Samoan to notify them that the hotel would be undergoing renovations at the time the Conference had been scheduled, necessitating the cancellation of the reservation. Statements that the hotel and conference rooms were scheduled to be renovated during the Conference were true and made in good-faith.

23. In response to paragraph 23 of the Complaint, Good-Nite Inn is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation. As explained in paragraph 3,

1  above, there appears to have been a serious misunderstanding with an individual who repeatedly
2  contacted Good-Nite Inn. No agent of Good-Nite Inn told anyone that the real reason for the
3  cancellation was that Good-Nite Inn did not want Samoan people at the hotel, or that Samoan
4  people would squirt the fire extinguishers and tear up the place. In fact, Good-Nite Inn was very
5  disappointed to be unable to host the Convention, because it was a significant loss of business.

   **24.**    In response to paragraph 24 of the Complaint, Good-Nite Inn is without sufficient
knowledge or information to form a belief as to the truth of the allegations contained in this
paragraph, and on that basis denies each and every allegation.

   During the period in which Project Sentinel apparently was conducting its clandestine
testing, the availability of rooms and conference space was in constant flux due to uncertainty
over Good-Nite Inn's renovation schedule. Good-Nite Inn attempted to accommodate requests
for reservations as best it could, but the situation was extremely fluid. The ability to
accommodate reservations was dependent on a number of factors. Whatever transpired with
Project Sentinel was not discriminatory.

   **25.**    In response to paragraph 25 of the Complaint, Good-Nite Inn is without sufficient
knowledge or information to form a belief as to the truth of the allegations contained in this
paragraph, and on that basis denies each and every allegation.

   During the period in which Project Sentinel apparently was conducting its clandestine
testing, the availability of rooms and conference space was in constant flux due to uncertainty
over Good-Nite Inn's renovation schedule. Good-Nite Inn attempted to accommodate requests
for reservations as best it could, but the situation was extremely fluid. The ability to
accommodate reservations was dependent on a number of factors. Whatever transpired with
Project Sentinel was not discriminatory.

   **26.**    In response to paragraph 26 of the Complaint, Good-Nite Inn is without sufficient
knowledge or information to form a belief as to the truth of the allegations contained in this
paragraph, and on that basis denies each and every allegation.

   During the period in which Project Sentinel apparently was conducting its clandestine
testing, the availability of rooms and conference space was in constant flux due to uncertainty

1  over Good-Nite Inn's renovation schedule. Good-Nite Inn attempted to accommodate requests for reservations as best it could, but the situation was extremely fluid. The ability to accommodate reservations was dependent on a number of factors. Whatever transpired with Project Sentinel was not discriminatory.

27. In response to paragraph 27 of the Complaint, Good-Nite Inn is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation.

## ANSWER TO CLASS ACTION ALLEGATIONS

28. In response to paragraph 28 of the Complaint, Good-Nite Inn is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation.

29. In response to paragraph 29 of the Complaint, Good-Nite Inn is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation.

30. In response to paragraph 30 of the Complaint, Good-Nite Inn is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation.

31. In response to paragraph 31 of the Complaint, Good-Nite Inn is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation.

32. In response to paragraph 32 of the Complaint, Good-Nite Inn is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation.

33. In response to paragraph 33 of the Complaint, Good-Nite Inn is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation.

/ / / /

1      34.    In response to paragraph 34 of the Complaint, Good-Nite Inn denies each and every allegation.

### ANSWER TO INJURIES ALLEGATIONS

35.    In response to paragraph 35 of the Complaint, Good-Nite Inn is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation.

36.    In response to paragraph 36 of the Complaint, Good-Nite Inn is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation.

37.    In response to paragraph 37 of the Complaint, Good-Nite Inn denies each and every allegation.

38.    In response to paragraph 38 of the Complaint, Good-Nite Inn denies each and every allegation.

39.    In response to paragraph 39 of the Complaint, Good-Nite Inn denies each and every allegation.

40.    In response to paragraph 40 of the Complaint, Good-Nite Inn denies each and every allegation.

41.    In response to paragraph 41 of the Complaint, Good-Nite Inn denies each and every allegation.

42.    In response to paragraph 42 of the Complaint, Good-Nite Inn denies each and every allegation, except that it is without knowledge or information about the United Samoan's interest in holding a future conference at the SFO Good-Nite Inn and thus denies this allegation on that basis.

43.    In response to paragraph 43 of the Complaint, Good-Nite Inn is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation.

44.    In response to paragraph 44 of the Complaint, Good-Nite Inn denies each and every allegation.

**45.** In response to paragraph 45 of the Complaint, Good-Nite Inn denies each and every allegation.

## ANSWER TO ALLEGATIONS IN CLAIMS

### (First Claim, 42 USC § 1981)

**46.** In response to paragraph 46 of the Complaint, Good-Nite Inn incorporates by reference the admissions, denials and defenses set forth in paragraph 1 through 45.

**47.** In response to paragraph 47 of the Complaint, Good-Nite Inn denies each and every allegation.

### (Second Claim, 42 USC § 2000a)

**48.** In response to paragraph 48 of the Complaint, Good-Nite Inn incorporates by reference the admissions, denials and defenses set forth in paragraph 1 through 47.

**49.** To the extent that the allegations contained in paragraph 49 of the Complaint are statements of law only, they require no response. If however, a response is deemed necessary, Good-Nite Inn denies those allegations.

**50.** In response to paragraph 50 of the Complaint, Good-Nite Inn is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation.

**51.** In response to paragraph 51 of the Complaint, Good-Nite Inn denies each and every allegation.

### (Third Claim, Unruh Civil Rights Act)

**52.** In response to paragraph 52 of the Complaint, Good-Nite Inn incorporates by reference the admissions, denials and defenses set forth in paragraph 1 through 51.

**53.** In response to paragraph 53 of the Complaint, Good-Nite Inn denies each and every allegation.

**54.** To the extent that the allegations contained in paragraph 54 of the Complaint are statements of law only, they require no response. If however, a response is deemed necessary, Good-Nite Inn denies those allegations.

////

1  55. In response to paragraph 55 of the Complaint, Good-Nite Inn incorporates by reference the admissions, denials and defenses set forth in paragraph 1 through 54.

56. In response to paragraph 56 of the Complaint, Good-Nite Inn denies each and every allegation.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim against Good-Nite Inn upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' claims are time barred, in whole or in part, by the statute of limitations.

### Third Affirmative Defense

Good-Nite Inn had a legitimate, non-discriminatory reason for taking the actions complained of in the Complaint.

### Fourth Affirmative Defense

Plaintiffs were treated no differently than any other invitee or renter of rooms at the SFO Good-Nite Inn.

### Fifth Affirmative Defense

Good-Nite Inn denies that Plaintiffs (and purported class members) were subjected to racial discrimination.

### Sixth Affirmative Defense

Some of all of the purported claims and/or some or all of the relief requested in the Complaint are barred because, at all relevant times, Good-Nite Inn had no policy, pattern, practice or custom favoring or disfavoring any invitee or renter, or group of invitees or renters, on the basis of face or any other prohibited factor.

### Seventh Affirmative Defense

No agent of Good-Nite Inn was authorized to take, nor did any agent of Good-Nite Inn take, any unlawful action with respect to Plaintiffs.

////

**Eighth Affirmative Defense**

Some or all of the claims against Good-Nite Inn and/or some or all of the relief requested are barred because even if Good-Nite Inn was found to have taken any actions affecting the Plaintiffs, such actions were not malicious, egregious, in bad faith, or in willful and reckless indifference or disregard of any legal rights of any plaintiff.

**Ninth Affirmative Defense**

Plaintiffs have failed to comply with all conditions precedent and with all statutory requisites for filing the instant suit against Good-Nite Inn.

**Tenth Affirmative Defense**

Plaintiffs (and the purported class) lack standing to challenge any actions of Good-Nite Inn that did not affect them.

**Eleventh Affirmative Defense**

Some or all of the purported claims in the Complaint are barred because the alleged claims of Plaintiffs are not typical of the purported claims of the proposed class. Accordingly, the class action allegations should be stricken from the Complaint and/or dismissed.

**Twelfth Affirmative Defense**

Some or all of the purported claims in the Complaint are barred because the named Plaintiffs cannot fairly and adequately protect and represent the interests of the purported class members. Accordingly, the class action allegations should be stricken from the Complaint and/or dismissed.

**Thirteenth Affirmative Defense**

Some or all of the purported claims in the Complaint are barred because the members of the proposed class are not so numerous that joinder of each member is impracticable. Accordingly, the class action allegations should be stricken from the Complaint and/or dismissed.

**Fourteenth Affirmative Defense**

Some or all of the purported claims in the Complaint are barred because the questions of law or fact asserted or be common to the purported class members do not predominate over

questions of law or fact affecting only individual members of the proposed class on whose behalf Plainiffs purport to sue. Accordingly, the class action allegations should be stricken from the Complaint and/or dismissed.

**Fifteenth Affirmative Defense**

Some or all of the purported claims in the Complaint are barred because a class action is not superior to other available methods to the fair and efficient adjudication of this controversy. Accordingly, the class action allegations should be stricken from the Complaint and/or dismissed.

**Sixteenth Affirmative Defense**

Some or all of the purported claims in the Complaint are barred because Good-Nite Inn has not acted or refused to act on any grounds generally applicable to the proposed class, and, therefore, final injunctive or corresponding declaratory relief with respect to the proposed class is not appropriate. Accordingly, the class action allegations should be stricken from the Complaint.

**Seventeenth Affirmative Defense**

Good-Nite Inn avers that the contemplated collective action is premature and should be stayed or abated for the following reasons. The mandatory requirements of Federal Rule of Civil Procedure 23 have not been fulfilled.

More specifically, there has not been a showing that the prosecution of separate actions by individual members would create a risk of (a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class or (b) adjudication with respect to individual members of the class which would as a practical matter be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

Similarly, there has not been a showing that Good-Nite Inn, as the party opposing the class, has acted or refused to act on grounds generally applicable to the class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the class as whole.

Moreover, the Court has made no finding that the questions of law or fact common to the

members of the class (if any) predominate over any questions affecting only individual members and that a class action is therefore superior to the other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings which have not been made include (a) the interest of members of the class and individually controlling the prosecution or defense of the separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (d) the difficulties likely to be encountered in the management of a class action.

**Eighteenth Affirmative Defense**

The damages of which Plaintiffs complain, if such damages occurred, were caused by the acts or omissions of Plaintiffs.

**Nineteenth Affirmative Defense**

Plaintiffs have failed to mitigate their damages as required by law.

**Twentieth Affirmative Defense**

Plaintiffs' claims for punitive damages against Good-Nite Inn are barred, in whole or in part, because an award of punitive damages would violate Good-Nite Inn's rights guaranteed by the Due Process and Equal Protection clauses set forth in the Fifth and Fourteenth Amendments of the United States Constitution.

**Twenty-first Affirmative Defense**

Plaintiffs' claim for punitive damages against Good-Nite Inn cannot be sustained because any award of punitive damages under a process which fails to bifurcate the issue of punitive damages from the remaining issues would violate Good-Nite Inn's rights guaranteed by the Due Process and Equal Protection clauses set forth in the Fifth and Fourteenth Amendments of the United States Constitution.

**Twenty-second Affirmative Defense**

Plaintiffs have failed to join a required party.

**Twenty-third Affirmative Defense**

Good-Nite Inn further asserts that Plaintiffs' claims for punitive or exemplary damages

should be denied because the law should be extended so as to provide that an award of such damages would violate the prohibition against excessive fines mandated by the Eighth Amendment to the Constitution of the United States.

**Twenty-fourth Affirmative Defense**

Plaintiffs' claims are barred due to their election of remedies.

**Twenty-fifth Affirmative Defense**

Plaintiffs' claims are barred under the doctrine of waiver.

**Twenty-sixth Affirmative Defense**

Plaintiffs' claims are barred under the doctrine of estoppel.

**Twenty-seventh Affirmative Defense**

Plaintiffs' claims are barred under the doctrine of unclean hands.

**Twenty-eighth Affirmative Defense**

Portions of Plaintiffs' claims under 42 U.S.C. § 1981 (on behalf of visitors and attempted visitors) are barred because there is no contract between the proposed class members and defendant.

**Twenty-ninth Affirmative Defense**

Plaintiffs are not entitled to punitive or compensatory damages or trial by jury with respect to all or a portion of their claims.

**Thirtieth Affirmative Defense**

Plaintiffs' claims are frivolous, without foundation in fact, or brought in subjective bad faith, and warrant an award of attorneys' fees and costs to Good-Nite Inn for expenditures in the defense of this action.

**Thirty-first Affirmative Defense**

Any allegations not specifically admitted herein are denied.

**PRAYER**

Wherefore, Good-Nite Inn prays that as follows:

1. That Plaintiffs take nothing by reason of its complaint, that judgment be rendered in favor of defendant.

| | | |
|---|---|---|
| 1 | 2. | That Good-Nite Inn be awarded its fees and costs of suit incurred in defense of this action. |
| 3 | 3. | That the Court not certify the case as a class action. |
| 4 | 4. | That the Court not enter a declaratory judgment against Good-Nite Inn. |
| 5 | 5. | That the Court not enter a permanent injunction against Good-Nite Inn concerning the alleged conduct. |
| 7 | 6. | That the Court not enter a permanent injunction directing Good-Nite Inn to remedy the effects of the alleged conduct. |
| 9 | 7. | That the Court not award statutory damages of $4,000 to each Plaintiff and member of the proposed Plaintiff Class. |
| 11 | 8. | That the Court not award compensatory damages to the Plaintiffs and member of the proposed Plaintiff Class. |
| 13 | 9. | That the Court not award punitive damages against Good-Nite Inn. |
| 14 | 10. | That the Court not award Plaintiffs and Plaintiff Class their attorneys' fees and costs. |
| 16 | 11. | That the Court not award any other relief to the Plaintiffs. |
| 17 | 12. | That the Court award Good-Nite Inn any such other relief as the Court deems proper. |

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Good-Nite Inn demands a jury trial on all issues so triable

Dated: April 1, 2008

CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
Professional Law Corporation

By: _____
David M. King/Jeremy A. Burns
Attorneys for Defendant
SFO GOOD-NITE INN LLC, a California Limited Liability Company