D. SCOTT CHANG # 146403
REED N. COLFAX*
SHALINI GOEL # 254540
JOHN P. RELMAN*
RELMAN & DANE PLLC
1225 Nineteenth St., N.W., Suite 600
Washington, D.C. 20036
Telephone: (202) 728-1888
Facsimile: (202) 728-0848
schang@relmanlaw.com
* Pro Hac Vice Applications to Be Filed
*Attorneys for Plaintiffs*

David M. King, Esq. (Bar No. 95279)
   dking@carr-mcclellan.com
Jeremy A. Burns, Esq. (Bar No. 239917)
   jburns@carr-mcclellan.com
CARR, McCLELLAN, INGERSOLL, THOMPSON, & HORN
Professional Law Corporation
216 Park Road
P.O. Box 513
Burlingame, CA  94011-0513
Telephone:  (650) 342-9600
Facsimile:  (650) 342-7685
*Attorneys for Defendant SFO Good-Nite Inn LLC*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### Oakland Division

| | |
|---|---|
| SIAUPIA VAOVASA; ELISAPETA VAOVASA; and LEALOFI PENITITO, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>     vs.<br><br>SFO GOOD-NITE INN, LLC, a California limited liability company;<br><br>            Defendant. | Case No. C 08-1171-SBA<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT<br><br>**Date: June 4, 2008**<br>**Time: 9:00 a.m.**<br>**Courtroom: Courtroom of the Honorable Saundra B. Armstrong** |

Pursuant to this Court's Local Civil Rules ("Civ. L.R.") 16-9 and the standing order for all judges of the Northern District of California regarding the contents of Joint Case Management Statements, the parties jointly submit this Case Management Statement.

## JURISDICTION AND SERVICE

The Complaint of Siaupiu ("Bill") Vaovasa, Elisapeta Vaovasa, and Lealofi Penitito, on behalf of themselves and all others similarly situated, against SFO Good-Nite Inn, LLC, was filed in the United States District Court for the Northern District of California on February 27, 2008.

This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) for the First and Second Claims for Relief. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for Plaintiffs' state law claims and the Third and Fourth Claims for Relief.

All parties have been served.

## FACTS

**A.    Plaintiffs' Version of Facts:**

Bill Vaovasa, Elisapeta Vaovasa, and Lealofi Penitito (the "Plaintiffs") are all of Samoan race, national origin, and ancestry. They are also all members of the United Samoan Pentecostal Church, which has approximately 5,000 members in the Western United States and the South Pacific. The Church holds an annual world-wide conference for its members. The Plaintiffs planned to hold the Church's 2006 conference in South San Francisco at the Good Nite Inn. They chose Good-Nite Inn's facility because conference-goers had enjoyed the hotel's amenities at a previous conference held there in 2003, when the hotel had different ownership.

The Plaintiffs contacted the Good Nite Inn in October 2005 to reserve rooms for the conference and were told that Good Nite Inn had conference and hotel rooms available in July 2006 for the scheduled time of the conference. On or about February 9, 2006, the Plaintiffs visited the Good Nite Inn, negotiated rates for the rooms, and signed a contract to reserve those rooms for the conference. The Church then notified its members that the conference would be held at the Good Nite Inn.

On or about March 1, 2006, the Good Nite Inn informed the Plaintiffs that the hotel was cancelling the Church's reservation because the hotel would be undergoing renovations during the time

of the conference. The Plaintiffs then contacted an attorney, who called the Good Nite Inn a couple of days later. The General Manager of the Good Nite Inn told the attorney that the real reason for the cancellation was that the Good Nite Inn did not want Samoans at the hotel because they would tear up the place and squirt fire extinguishers and the hotel could not provide security. Because of the Good Nite Inn's cancellation, the Plaintiffs had to scramble to reserve the Travelodge for the July 2006 conference, which was more costly and had fewer amenities. Over 200 individuals attended the 2006 conference at the Travelodge and were denied the ability to attend the conference at the Good Nite Inn.

After these events, tests conducted by a civil rights organization confirmed that the Good Nite Inn had discriminated against the Plaintiffs and the other conference attendees because of their Samoan race, national origin, and ancestry. A tester who called to reserve a conference that was unrelated to Samoans, scheduled at the same time at the Plaintiffs' conference, was told that conference and hotel rooms were available. In addition, testers posing as organizers for conferences for non-Samoan organizations were told that conference and hotel rooms were available while those posing as organizers for Samoan organizations were told the Good Nite Inn had no availability.

**B.     The Good-Nite Inn's Version of the Facts:**

Plaintiffs' lawsuit is based on a misrepresentation of events, erroneous assumptions, and the biased work of a testing agency, which counsel for Plaintiffs have previously represented.

After United Samoan reserved conference space and hotel rooms for at the SFO Good-Nite Inn in the summer of 2006 for approximately one week, Good-Nite Inn was forced to cancel the reservations due to uncertainty over pending renovations to upgrade the hotel, and in particular, renovations of the conference rooms. Once SFO Good-Nite Inn's General Manager learned of the planned renovations, Good-Nite Inn was compelled to cancel the reservation, due of the size of United Samoan's group, to ensure that United Samoan would be able to find other accommodations. This was done out of consideration and good will, not racial prejudice. Canceling was extremely disappointing to Good-Nite Inn because it lost significant revenues at a time when it was struggling financially.

The comments ascribed to Good Nite Inn's general manager have been taken out of context, twisted, and recast in a deliberate effort by Plaintiffs to create a false picture of racial bias.

There is a legitimate and innocent explanation for the comments made by the general manager

of the Good-Nite Inn. No agent of Good-Nite Inn told anyone that the real reason for the cancellation was that Good-Nite Inn did not want Samoan people at the hotel, or that Samoan people would squirt the fire extinguishers and tear up the place. The truth about what was said will emerge in discovery.

Good-Nite Inn was very disappointed to be unable to host the Convention, because it was a significant loss of business. The Good-Nite Inn will be able to establish, based on its own records, that it regularly rents to all races, colors, and creeds. The records reveal numerous rentals to persons of Pacific-Islander ancestry. This is true both before and after the alleged events. From top-to-bottom, the Good-Nite Inn is a multi-ethnic organization. The allegations of racial prejudice are absurd and offensive.

Project Sentinel is far from a disinterested observer. Project Sentinel and Plaintiffs' counsel, Relman & Dane, have a long history together, including a recent case in which Relman & Dane represented Project Sentinel. Project Sentinel came looking for problems, and found them for their former attorneys. Their results are not objective, and may be explained by non-discriminatory behavior.

During the period in which Project Sentinel apparently was conducting its clandestine testing, the availability of rooms and conference space was in constant flux due to uncertainty over Good-Nite Inn's renovation schedule. Good-Nite Inn attempted to accommodate requests for reservations as best as it could, given ongoing construction and renovations in portions of the hotel. There never was, nor is there any, policy or practice of turning away business on the basis of race, color, or creed.

## DISPUTED FACTUAL AND LEGAL ISSUES

The principal legal issues that the parties dispute are:

**1.** Whether the Good Nite Inn denied the Plaintiffs and the purported Plaintiff Class the same right to make and enforce contracts as white citizens of the United States, including the making, performance, and modification of contracts and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship, in violation of 42 U.S.C. § 1981.

**2.** Whether the Good Nite Inn denied Plaintiffs and the purported Plaintiff Class the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodation of the Good Nite Inn on the basis of race and/or national origin, in violation of 42 U.S.C. § 2000a.

3. Whether the Good Nite Inn denied Plaintiffs and the purported Plaintiff Class full and equal accommodations, advantages, facilities, privileges or services because of race, ancestry and/or national origin in violation of the Unruh Civil Rights Act, Cal. Civ. Code 51 *et seq*.

4. Whether the Good Nite Inn negligently failed to train, hire, supervise, and discipline its employees to comply with federal and state civil rights laws.

5. Whether cause exists to certify a class.

6. Whether Plaintiffs' representative misunderstood the conversation he had with the Good-Nite Inn's general manager.

7. Whether Project Sentinel's testing is flawed, or whether the day-to-day changing conditions at the Good-Nite Inn explains their findings.

8. Whether Plaintiffs' law firm's relationship with Project Sentinel impermissibly biased their results.

## MOTIONS

Plaintiffs intend to file a motion for class certification. The parties suggest that the class certification hearing be held on September 30, 2008. Accordingly, Plaintiffs' motion would be due on August 26, Good-Nite Inn's opposition on September 9, and Plaintiffs' reply on September 16.

Good-Nite Inn does not intend to file any motions at this time.

## AMENDMENT OF PLEADINGS

The parties propose a deadline of May 1, 2009 to amend the pleadings.

## EVIDENCE PRESERVATION

Plaintiffs have maintained all records relevant to the claims at issue. Good-Nite Inn may seek an Evidence Preservation Order with regard to Project Sentinel.

## DISCLOSURES

The parties will serve their initial disclosures on May 28, 2008.

## DISCOVERY

No discovery has taken place to date.

A. **Discovery Deadlines:**

The parties propose the following deadlines

1. All discovery completed by June 1, 2009.

2. All expert witness disclosures with written reports pursuant to Rule 26(a)(2) will be made by March 1, 2009.

3. Rebuttal experts and/or supplements to the Expert Witness Disclosures under Rule 26(e) will be made no later than April 1, 2009.

B. **Discovery Plan:**

1. Limitations: The parties propose a limit of 40 interrogatories and 40 requests for admissions. The parties agree that the above limits be imposed per side of the litigation, so that Plaintiffs have 40 interrogatories and 40 requests for admissions total, and the Good-Nite Inn has the same total limit. The parties propose the limitations of the Federal Rules of Civil Procedure for all other discovery.

2. Electronically Stored Information (ESI): The parties agree that ESI will be produced in its native format. The parties agree to meet and confer about their respective queries, and that prior to production of the results of such queries, the parties shall cull their respective results by electronic searches for privileged materials. Should the production result in inadvertent production of privileged materials, each party retains the right to "claw back" the inadvertently produced materials, and such inadvertent production will not be deemed a waiver of privilege.

3. Preparation or Trial Preparation Materials: Plaintiffs do not anticipate any issues over privileged or trial preparation materials. Since the individual who contacted the Good-Nite Inn is an attorney, Good-Nite Inn believes there may be privilege issues associated with his communications with Plaintiffs.

4. Procedural Limitations on Discovery: The parties do not believe that any procedural limitations such as discovery conducted in phases or focused on particular issues is necessary.

5. Subjects on Which Discovery May Be Needed: Interactions between Plaintiffs and Good-Nite Inn regarding Plaintiffs' attempts to obtain public accommodations; interactions between Plaintiffs and Project Sentinel testers; Good-Nite Inn's reservations records; renovations of Good-Nite

Inn's facilities; prior discrimination complaints, if any, against Good-Nite Inn; identity of potential witnesses including customers, former customers, employees, and former employees of Good-Nite Inn; Good-Nite Inn's training of employees regarding its antidiscrimination and public accommodations policy; Good-Nite Inn's policies and practices regarding conference and hotel room reservations; Plaintiffs' relationship with Project Sentinel; Plaintiffs' interactions with the individual who contacted the SFO-Good Nite Inn; Project Sentinel's testing methods and the individuals who conducted the testing; and Project Sentinel's notes and records concerning its testing. In addition, the attorney who contacted the Good-Nite Inn and spoke to the general manager is subject to deposition and written discovery.

## CLASS ACTIONS

Pursuant to Local Rule 16-9(b), which requires that the party seeking to maintain a class action provide allegations concerning the class action, Plaintiffs allege that their action is maintainable as a class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3). Plaintiffs make the following allegations in support thereof:

    **1.**   <u>Class Definition</u>: Plaintiffs will seek to certify a class of all persons of actual or presumed Samoan race, national origin, or ancestry associated with the United Samoan Pentecostal Church who would have attended the Church's world-wide conference at the Good Nite Inn in July 2006 but were denied the ability to do so because of their race, national origin, and ancestry.

    **2.**   <u>Numerosity</u>: Plaintiffs' suit is on behalf of more than 200 persons. The class members are so numerous that joinder is impracticable and disposition of their claims in a class action is a benefit to the parties and to the court in accordance with Rule 23(a)(1). Joinder is also impracticable because the plaintiff class lacks the knowledge and financial means to maintain individual actions.

    **3.**   <u>Commonality</u>: Because the Defendant treated all members of the Plaintiff Class in the same manner, there are common questions of law and fact affecting the rights of each Class member, including whether Defendant violated civil rights laws by denying public accommodations and the ability to contract to persons of Samoan race, national origin, and ancestry at The Good Nite Inn.

    **4.**   <u>Typicality</u>: The claims of the Named Plaintiffs are typical of those of the class under Rule 23(a)(3). Defendant denied public accommodations to Plaintiffs and the Plaintiff Class as a

whole at the same times, on the same dates, and at the same place without distinction to the individuals. Reservations were made on behalf of all class members, and each class member was denied public accommodations and the ability to contract because of Defendant's discrimination. Defendant directed its discrimination equally at each member of the Plaintiff Class and each member seeks redress pursuant to the same civil rights laws.

5. <u>Adequacy of Representation</u>: The Plaintiffs will fairly and adequately protect the interests of the unnamed class members, and all members of the proposed class will benefit by the class proposed by the Plaintiffs under Rule 23(a)(4). The Plaintiffs have no interest in conflict with other class members. The Plaintiffs and the Plaintiff Class are represented by qualified and competent counsel.

Plaintiffs further contend that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications. Plaintiffs contend that Defendant has acted or will act on grounds generally applicable to the class, thereby making appropriate injunctive or declaratory relief with respect to the class as a whole under Rule 23(b)(2) of the Federal Rules of Civil Procedure. In addition, Plaintiffs contend that questions of law or fact common to class members predominate over questions affecting only individual members, and the class action is superior to other available methods for the fair and efficient adjudication of the controversy under Rule 23(b)(3).

The Good-Nite Inn disputes that certification is appropriate. Plaintiffs' allegations are not meritorious, and Plaintiffs will not be able to show that there is sufficient numerosity, commonality, typicality, or that the purported class' interests will be adequately represented.

The parties propose that the Court hold a hearing to consider the motion for class certification on September 30, 2008.

## RELATED CASES

Not applicable.

## RELIEF

Plaintiffs seek minimum statutory damages under the Unruh Civil Rights Act, compensatory damages under federal law, and punitive damages. Plaintiffs also seek a declaratory judgment finding

that Good-Nite Inn's actions violation Section 1981, 42 U.S.C. § 2000a, and the Unruh Civil Rights Act. Plaintiffs seeks a permanent injunction barring Good-Nite Inn from engaging in the illegal discriminatory conduct alleged in their complaint and directing Good-Nite Inn to take all affirmative steps necessary to remedy the effects of the alleged illegal and discriminatory conduct and to prevent repeated occurrences in the future. Plaintiffs also seek reasonable attorneys' fess and costs for time and expenses.

Good Nite Inn does not believe Plaintiffs are entitled to any relief whatsoever.

## SETTLEMENT AND ADR

The parties have filed a Notice of Need for ADR Phone Conference because they have not yet reached an agreement to an ADR process. The ADR phone conference is not yet scheduled.

## CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties will not consent to have a magistrate judge conduct all further proceedings, including Trial and Entry of Judgment.

## OTHER REFERENCES

This case is not suitable for reference to Binding Arbitration, a Special Master, or the Judicial Panel on multi-district litigation.

## NARROWING OF ISSUES

The parties are not aware at this time of issues that can be narrowed by agreement or by motion and do not have any suggestions to expedite the presentation of evidence at trial at this time.

## EXPEDITED SCHEDULE

The parties do not believe that this is the type of case that can be handled on an expedited basis.

## SCHEDULING

The parties request that the Court set the following deadlines:

| | | |
|---|---|---|
| 1. | Designation of all experts: | April 1, 2009 |
| 2. | Discovery cutoff: | June 1, 2009 |
| 3. | Hearing of dispositive motions: | August 1, 2009 |
| 4. | Pretrial conference: | September 1, 2009 |
| 5. | Trial: | October 5, 2009 |

## TRIAL

Plaintiffs and Defendant both demand a Jury Trial. The parties anticipate trial will last two to three weeks.

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiffs state that no other person, firm, partnership, corporation, or other entity known to Plaintiffs has either (i) a financial interest in the subject matter in controversy or in a party to the proceedings; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

SFO-Good Nite has disclosed that:

- Bang Ja Kim, is the owner of SFO Good-Nite Inn LLC
- Wilshire State Bank, is the holder of the SFO Good-Nite Inn's mortgage

Respectfully submitted,

Dated: May 23, 2008    RELMAN & DANE PLLC

By: _____[signature]_____
D. Scott Chang / Shalini Goel
*Attorneys for Plaintiffs*
*Siaupia Vaovasa, Elisapeta Vaovasa, and Lealofi Penitito,*
*individually and on behalf of all others similarly situated*

Dated: May 23, 2008    CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
Professional Law Corporation

By: _____[signature]_____
David M. King / Jeremy A. Burns
*Attorneys for Defendant*
*SFO Good-Nite Inn LLC*

# CERTIFICATE OF SERVICE
## NORTHERN DISTRICT OF CALIFORNIA

I hereby certify that on May 23, 2008, a copy of the foregoing Joint Case Management Conference Statement was electronically filed and by operation of the Court's ECF system was served upon the following by electronic mail:

**David M. King**
**Jeremy A. Burns**
CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
Professional Law Corporation
216 Park Road
PO Box 513
Burlingame, CA 94011-0513
Telephone: (650) 342 9600
Facsimile: (650) 342-7685

                                                    /s/ Nayna Gupta
                                                      Nayna Gupta