David M. King, Esq. (Bar No. 95279)
  dking@carr-mcclellan.com
Jeremy A. Burns, Esq. (Bar No. 239917)
  jburns@carr-mcclellan.com
CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
Professional Law Corporation
216 Park Road
P.O. Box 513
Burlingame, California  94011-0513
Telephone:    (650) 342-9600
Facsimile:    (650) 342-7685

Attorneys for Defendant
SFO GOOD-NITE INN LLC, a California Limited Liability Company

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## Oakland Division

| | |
|---|---|
| SIAUPIA VAOVASA; ELISAPETA VAOVASA; AND LEALOFI PENITITO, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>SFO GOOD-NITE INN LLC, a California Limited Liability Company,<br><br>　　　　Defendant. | No. C 08-1171-SBA<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT** |

The parties will be engaged in discovery which may involve disclosure of information considered by one or more parties or third parties to be confidential or proprietary business information, trade secret information, confidential personnel information; and other information conveyed to third parties.

To facilitate the disclosure of documents and information the parties have stipulated to the entry of this protective order ("Order") to protect the confidentiality of information that may be produced or otherwise disclosed either by a third-party or by a party;

IT IS HEREBY stipulated that information and documents considered confidential by a party and otherwise in the captioned action (the "Action") shall be treated as set forth in the following paragraphs;

1. **Definitions**

   a. Parties

   Only the following persons are "Parties" to the Action: SIAUPIA VAOVASA and ELISAPETA VAOVASA, LEOLOFI PENITITO, (collectively, "VAOVASA"); SFO GOOD-NITE INN LLC, a California Corporation (the "Good Nite Inn"). The "Producing Party" is the party whose documents or information is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Order.

   b. Confidential Information

   "Confidential" is a designation that can be applied to any type or classification or form of information (oral, written, magnetic, electronic or otherwise) whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or in a response to a request for admission, information obtained from inspection of premises or things, or otherwise. "Confidential" information means such information as is lawfully entitled to confidential treatment under California law, including, but not limited to, trade secrets, confidential research, development or commercial information which may damage a business commercially or competitively, confidential financial information, confidential personal financial data, income tax returns, personnel records, information protected by Article I, Section 1 of the California Constitution and similar information. In designating information as "Confidential", the Producing Party will make such designation only as to that information that it in good faith believes contains information lawfully entitled to confidential treatment under California law.

   c. Highly Confidential – Attorneys' Eyes Only Information

   "Highly Confidential – Attorneys' Eyes Only" is a designation that can be applied to any type or classification or form of information (oral, written, magnetic, electronic or otherwise) whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or in a response to a request for admission, information obtained from inspection of premises or things, or otherwise. "Highly Confidential – Attorneys' Eyes Only" information means highly sensitive Confidential

information whose disclosure to anyone other than counsel could directly or indirectly cause competitive or commercial damage that is wholly or substantially irreversible. In designating information as "Highly Confidential – Attorneys' Eyes Only", the Producing Party will make such designation only as to that information that it in good faith believes contains information lawfully entitled to confidential treatment under California law and requires the additional protections afforded to "Highly Confidential – Attorneys' Eyes Only" information under this Order.

**2.  Designating Information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only"**

a.  Documents and things produced that contain "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information may be designated as such by marking the document or thing at or before the time of production as follows: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." With respect to documents produced on an electronic media, such documents may be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by placing the appropriate designation either on the disk, CD or other media, or on the individual documents contained on that media.

b.  In lieu of marking the original of documents, the Producing Party may mark the copies that are produced or exchanged.

c.  In the event that at the time a document is produced, the designation "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is lacking, and it is later determined, in good faith, that such a designation should have appeared on the document, the Producing Party may restrict future disclosure of the document, consistent with this Order, by notifying the receiving Party in writing of the change in or addition of a restrictive designation. The notice shall include a description of the document and the designation under which future disclosure of the document is to be governed.

**3.  Handling Confidential or Highly Confidential Information at Depositions**

Information disclosed at the deposition of a Party or one of its present or former officers, directors, employees, agents, consultants or experts may be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by indicating on the record at the deposition that

the testimony and/or exhibit is "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and subject to the provisions of this Order. Such Party may also designate additional information disclosed at such deposition that is to be deemed as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by notifying all other Parties in writing, within fifteen court days of receipt of the transcript, of the specific pages and lines of the transcript that contain "Confidential" or "Highly Confidential—Attorneys' Eyes Only" information. Each Party shall attach a copy of such written statement to the face of the transcript and each copy thereof in his possession, custody or control. Except for use during court proceedings, all information disclosed in a deposition shall be treated as if it had been designated as "Confidential" at the time of the taking of the deposition for a period of fifteen court days after the transcript of said deposition is received by the Party. In the event that a Party wishes to use information disclosed in a deposition in a court proceeding prior to the expiration of the fifteen day period, that Party shall notify the Producing Party of that intention at least 3 court days prior to such use, and the Producing Party shall have 2 court days from the day notice is given to designate such information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Nothing in this paragraph will prevent the Producing Party from using its own confidential information disclosed in a deposition prior to the expiration of the fifteen court day period.

4.  **Use of Confidential or Highly Confidential -- Attorneys' Eyes Only Information**

Any information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall not be used by the Party receiving it for any purpose other than in connection with this litigation. All Confidential or Highly Confidential -- Attorneys' Eyes Only information shall be kept in secure facilities at the offices of persons qualified to have access thereto under this Order.

5.  **Disclosure of Confidential Information**

Absent written consent from the Producing Party, any information designated as "Confidential" shall not be made available by the Party receiving it to any persons or entities other than the following:

a. Any named Party to whom it is necessary that the designated material be shown for purposes of the Action;

b. Any witness to whom it is necessary that the designated material be shown in connection with that individual's service as a witness in the Action;

c. The authors, senders, addressees, and copy recipients of the "Confidential" information;

d. Any person employed or engaged by a Party or its attorneys of record in the Action as an independent consultant or expert (who is not an officer, director or employee of a Party);

e. Outside counsel to any Party to the Action, and all legal assistants, independent contactors, stenographic and clerical employees working under the supervision of such counsel (not including any named Party to the Action);

f. Any court reporter or videographer who transcribes testimony in this Action at a deposition; and

g. The Court and the Court's personnel in this Action, including any special masters or referees appointed by the Court and any mediators selected by the Parties.

6. **Disclosure of Highly Confidential – Attorneys' Eyes Only Information**

Absent written consent from the Producing Party, any information designated as "Highly Confidential – Attorneys' Eyes Only" shall not be made available by the Party receiving it to any persons or entities other than the following:

a. The authors, senders, addressees and copy recipients of the "Highly Confidential – Attorneys' Eyes Only" information;

b. Any person employed or engaged by a Party or its attorneys of record in this Action as an independent consultant or expert (who is not an officer, director or employee of a Party);

    c.    Outside counsel to any Party to this litigation, and all legal assistants, independent contractors, stenographic and clerical employees working under the supervision of such counsel (not including any Party to the Action);

    d.    Each Party's in-house counsel assisting with this Action, the identity of such counsel to be provided in writing to counsel for the other Parties prior to their review of Highly Confidential – Attorneys' Eyes Only information. In the event that a Party desires to change or supplement the designated in-house counsel, they shall notify the other Parties of the identity of the replacement in-house counsel at least five days prior to providing any Highly Confidential-Attorneys' Eyes Only information to the replacement in-house counsel.

    e.    Any court reporter or videographer who transcribes testimony in this Action at a deposition; and

    f.    The Court and the Court's personnel in this Action, including any special masters or referees appointed by the Court, and any mediators selected by the Parties.

**7.  Acknowledgment of Confidentiality Order**

Before any Confidential or Highly Confidential – Attorneys' Eyes Only information may be disclosed to persons described in paragraphs 5(a)-(d) or paragraphs 6(a)-(b) or 6(d) above, each person to whom such Confidential or Highly Confidential – Attorneys' Eyes Only information is disclosed shall be provided with a copy of this Confidentiality Order and shall agree in writing to be bound by the terms of this Order in the form of Exhibit A hereto. Such written acknowledgments shall be maintained by the Party making the disclosure for service on the Producing Party at the time of any settlement or judgment in this Action or upon an order of the Court for good cause.

**8.  Filing Confidential or Highly Confidential Information Under Seal**

1   No material designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only"
2   shall be filed or disclosed in the public record of this or any other proceeding except that they
3   may be filed with the Court under seal in accordance with the local rules of the Northern District
4   of California.

**9.     Responding to Subpoena or Service of Process**

In the event any person or Party having possession, custody or control of any information designated Confidential or "Highly Confidential – Attorneys' Eyes Only" by another Party receives a subpoena or other process or order to produce such information, such person or Party shall promptly notify in writing the attorneys of record of the Producing Party of the item, document or information sought by such subpoena or other process or order, and shall provide reasonable cooperation with respect to any procedure to protect such information or matter as may be sought to be pursued by the Party whose interests may be affected. If the Party whose interests may be affected makes a motion to quash or modify the subpoena, process or order there shall be no disclosure of the subject matter objected to pursuant to the subpoena, process or order until the Court has ruled on the motion, and then only in accordance with the ruling so made. If no such motion is made despite a reasonable opportunity to do so, the person or Party receiving the subpoena or other process or order shall be entitled to comply with it provided it has fulfilled its obligation hereunder.

**10.    Miscellaneous Provisions**

a.    Nothing shall prevent disclosure beyond the terms of this Order if the Party designating the information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" consents in writing to such disclosure, or if the Court, after notice to all parties, orders such disclosure.

b.    Nothing in the Order shall prevent a Producing Party from disclosing its own Confidential or Highly Confidential – Attorneys' Eyes Only information.

c.    No Party shall be responsible to another Party for any use made prior to the receipt of any notice pursuant to paragraphs 2 and 3 of information produced and not designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

        d.      A Party shall not be obligated to challenge the propriety of a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party to this litigation disagrees at any stage of these proceedings with the designation of any information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, either Party may seek appropriate relief from this Court. The Party asserting that the information should be "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall have the burden of proving the same. No disclosure of designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information inconsistent with the obligations of this Order shall be made unless and until the Court orders such.

        e.      Within sixty calendar days after the conclusion of this litigation, unless the Parties agree in writing to the contrary, any originals or reproductions of any documents produced by a Party containing "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information shall be returned to the Producing Party or destroyed. However, outside counsel for a Party shall be entitled to retain for archival purposes one copy of pleadings, correspondence, memoranda, notes and other work product materials which contain or refer to "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information. Insofar as the provisions of this Order restrict the communication and use of the documents produced hereunder, this Order shall continue to be binding after the conclusion of this litigation except that a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Order.

        f.      Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this Action, and, in the course thereof, relying upon his examination of, but without disclosing, "Highly Confidential – Attorneys' Eyes Only" information.

        g.      Nothing in this Order shall apply to information that (a) was known to the receiving Party before disclosure hereunder; or (b) is part of the public domain (i.e., has been

1  disclosed to or is known to third parties not under restriction of confidentiality) or becomes part
2  of the public domain through no breach of the provisions of this Order; or (c) was lawfully
3  obtained by a Party independently of this litigation or (d) is independently developed by the
4  receiving Party through employees having no access or prior access to the same "Confidential" or
5  "Highly Confidential – Attorneys' Eyes Only" information disclosed hereunder; or (e) is
6  disclosed to the receiving Party by a third party which disclosure does not breach any obligations
7  of confidentiality owed by the third party to the producing Party. However, information
8  designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall remain
9  subject to the status given to it under this Order until the disclosing Party expressly in writing
10 agrees to waive such status or the Court rules to the contrary.

11        h.    Nothing in this Order shall require any party to produce any information
12 that is otherwise protected from disclosure pursuant to any applicable privilege and/or statutory
13 authority, and nothing in this Order shall preclude a Party from seeking to compel production of
14 another Party's documents.

15        i.    Nothing in this Order shall bar amendment of this Order by stipulation of
16 the parties or by Order of the Court. Any such amendment made by stipulation of the parties
17 shall be made in writing.

18        IT IS SO STIPULATED:
19 Dated: 6/18/08        RELMAN & DANE PLLC

                        By: _____
                            D. Scott Chang / Shalini Goel
                            Attorneys for Plaintiffs
                            Siaupia Vaovasa, Elisapeta Vaovasa, and Lealofi Penitito,
                            individually and on behalf of all others similarly situated

Dated: June 10, 2008

                        CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
                        Professional Law Corporation

                        By: _____
                            David King/Jeremy A. Burns
                            Attorneys for Defendant SFO GOOD-NITE INN LLC

1  Before the Court is a **STIPULATED CONFIDENTIALITY AGREEMENT**. It is
2  hereby ORDERED that the Parties are bound by the **STIPULATED CONFIDENTIALITY**
3  **AGREEMENT.**

5  Dated:_____

   **UNITED   STATES   DISTRICT   COURT   JUDGE**
   **SAUNDRA B. ARMSTRONG**

# EXHIBIT A

## AGREEMENT REGARDING CONFIDENTIAL INFORMATION

The undersigned agrees to accept the terms of the Order Governing the Production and Exchange of Confidential Information and agrees that he or she will use confidential information only for the purposes of the arbitration of this action and not for any other purpose or any other case.

DATED :_____, 2008

_____

Name (print)_____

# PROOF OF SERVICE

I am employed by the law firm of Carr, McClellan, Ingersoll, Thompson & Horn Professional Law Corporation in the County of San Mateo, California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 216 Park Road, P.O. Box 513, Burlingame, California 94011-0513.

I certify that the original papers filed with the Court and all copies of papers, documents, and exhibits, whether filed with the Court or served on other parties, are prepared on recycled paper.

On the date set forth below I served the within:

- **STIPULATED CONFIDENTIALITY AGREEMENT**

on the parties in this action, by placing a true copy thereof in a sealed envelope addressed as follows:

D. Scott Chang, Esq.
Shalini Goel, Esq.
Relman & Dane PLLC
1225 Nineteenth Street, N.W., Suite 600
Washington, D.C. 20036

[X] **By placing in office mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Burlingame, California.

[ ] **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: June 23, 2008

Lori J. Stumpf

26843.00008\BGLIB1\1369521.1